UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EDGAR ALONSO IGLESIAS-AHUMADA,
Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26cv4273-LL-DEB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Edgar Alonso Iglesias-Ahumada's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return [ECF No. 5], but Petitioner did not file a Traverse [*See* Docket]. For the reasons set forth below, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Mexico, and on July 13, 2026, he was arrested and charged with violations of 18 U.S.C. §§ 1542 (Passport Fraud), 1028A(C) (Aggravated Identity Theft). Pet. ¶¶ 1, 3; *see also* Ret., Ex. 1. Petitioner was released on bond in his criminal case but then was taken into immigration custody and transported to an ICE holding facility on July 24, 2026. Pet. ¶¶ 3, 4; *see also* Return at 2. Petitioner was interviewed and issued

a reinstated removal order on July 23, 2026. Ex. 2 attached to the Return; *see also* Pet. ¶¶ 25-29. Petitioner states that he was placed in a "freezing cell" and woken up multiple times throughout the night to sign some paperwork that he was told "he had no choice but to sign." Pet. ¶¶ 4-6. Petitioner has since learned that one of the documents he signed was an agreement for a "voluntary departure." *Id.*

Petitioner claims the following in the instant Petition: (1) Violation of Due Process for Coerced and Involuntary Waiver; (2) Violation of Due Process and Statutory Right to a Fear Screening; and (3) Unlawful Detention under Mandatory Detention Framework. *Id.* ¶¶ 32-40. Petitioner requests that the Court "declare that Petitioner's signature on the July 26, 2026 voluntary departure document was not knowing, intelligent, or voluntary, and is void and without legal effect." *Id.* at 9. Petitioner also requests that the Court order Respondents to "provide Petitioner a fear screening interview and access to an immigration judge before any further removal proceedings occur." *Id.* Alternatively, Petitioner requests release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days. *Id.* Respondents oppose the Petition on the grounds that "Petitioner's reinstated order of removal is administratively final, and the law requires Petitioner's mandatory detention for a period of 90 days." Return at 2-3 (citing 8 U.S.C. § 1231(a)).

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

/ / /

/ / /

## III. DISCUSSION

When a noncitizen has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for up to ninety days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1)–(2). This ninety-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). After the removal period, this statute "limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner satisfies their initial burden, then the burden shifts to the government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the noncitizen's release may be "conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700; *see* 8 U.S.C. § 1231(a)(3).

Here, although Petitioner disputes the conditions under which he signed the voluntary departure paperwork, it is undisputed that he has a final removal order pending. Petitioner has not cited any authority, nor is the Court aware of any, that would authorize Petitioner's requested relief under the circumstances.[1] The Court finds that Petitioner is

---

[1] Petitioner does not dispute that, as it stands, there is a final order of removal against him, and he has not indicated that he has sought a stay of the removal order or filed a motion to reopen his removal proceedings or sought any similar relief in immigration court. While Petitioner does raise a challenge to the legality of the voluntary departure form, he has not provided the Court with authority that jurisdiction on this claim is proper in this Court.

still in the 90-day window of statutorily mandated detention under 8 U.S.C. § 1231(a)(1). *See, e.g.*, *Khalilova v. Smith*, No. 25-CV-2140 JLS (DDL), 2025 WL 3089522, at *3 (S.D. Cal. Nov. 5, 2025) (finding the petitioner's habeas petition premature when the six-month period had not passed). Accordingly, the Court finds that Petitioner's current detention does not violate *Zadvydas* or the Due Process Clause.

## IV. CONCLUSION

Based on the above, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus without prejudice. As this concludes the litigation in this matter, the Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: October 16, 2026

Honorable Linda Lopez
United States District Judge